**Paul Romaine HARVEY,**
**Plaintiff—Appellant,**

v.

**State of CALIFORNIA, Defendant,**

and

**WILLIAMS, R.N.; Toppenburg, Dr.; C. Parks, Sgt.; Ventefeuille, R.N.; C. Ziesmer; Nealson, R.N., Defendants—Appellees.**

No. 02–16539.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 7, 2003.*

Decided Nov. 21, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Paul Romaine Harvey, pro se, Soledad, CA, for Plaintiff–Appellant.

James E. Flynn, DAG, AGCA—Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Prisoner Paul Harvey appeals the district court's grant of the defendants' motion for summary judgment on his section 1983 claims of deliberate indifference to his safety and refusal to provide adequate medical treatment. 42 U.S.C. § 1983. Because we find that prison officials did not act with deliberate indifference, we affirm the decision of the district court. *See Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

■ Here, Harvey fails to allege any facts that would show that Sergeant Parks actually knew of the risk to Harvey of being raped by his cell-mate, Smith. Even if Harvey told Parks that he was nervous about being placed in a cell with another prisoner because Harvey was a homosexual, this is not sufficient to show that Parks knew there was a risk from this *particular* prisoner. Nor is it sufficient to show deliberate indifference that the other prisoner, Smith, had been caught naked in bed with another prisoner several years before. Since there was no allegation of force in that case, Parks did not have sufficient reason to know or suspect that there was a risk Smith would rape Harvey. Even if Parks could have inferred that there was a

risk from these facts, Harvey has not presented a claim under § 1983. Rather, Harvey must show that Parks did *in fact* know of the risk. *See Farmer v. Brennan,* 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Since Harvey did not allege that Parks knew of the risk, and presented no evidence from which a jury could reasonably infer that Parks in fact knew, Harvey states no Eighth Amendment claim. The district court therefore properly granted summary judgment as to that claim.

Harvey also failed to state a claim with respect to the allegation that prison officials failed to provide him with adequate medical care. To make this showing, a prisoner must show (1) an objective harm and (2) deliberate indifference. *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Clement v. Gomez,* 298 F.3d 898, 904 (9th Cir.2002).

■ The alleged rape occurred on November 14th; Harvey admits that he was seen by physicians on the 17th and again on the 19th. Although Harvey alleges that he told nurses on duty that he was raped, he presents no evidence that defendants knew he was in need of medical attention. Under the circumstances shown by Harvey in this case, the provision of care within three days is sufficient to satisfy the Eighth Amendment. In order for a delay in medical care to constitute an Eighth Amendment violation, the delay must cause substantial harm. *Wood v. Housewright,* 900 F.2d 1332, 1335 (9th Cir.1990). Harvey has neither alleged that he was harmed as a result of the delay, nor shown what injuries he sustained as a result. The district court thus properly denied his claim as to inadequate medical care.

The decision of the district court is **AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.